IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Aquarius Keith, #272473, ) | C/A No. 0:09-1201-RBH-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Penny Morton; Amanda Boswell Gowans; Dawn ) | |
| R. Hampton; Lieutenant Thompson; Margaret A. ) | |
| McAdams; Miriann Cocciolone; Dixie Cox ) | |
| Eubanks; R. L. Turner; Christina J. Black; and ) | |
| Sholanda K. Tabb, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Trovon Aquarius Keith ("Keith"), a self-represented state prisoner, filed this civil rights action pursuant to 42 U.S.C. § 1983 concerning several alleged incidents that occurred while he was housed at McCormick Correctional Institution. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Keith's motions for preliminary injunctions (Docket Entries 21, 31, 64, & 65) and motions for a mental evaluation (Docket Entries 20 & 28); Defendant Gowans's motion to dismiss (Docket Entry 86); and a motion for summary judgment filed by Defendants Morton, Hampton, Thompson, McAdams, Cocciolone, Eubanks, Turner, Black, and Tabb (Docket Entry 90).[1]

On October 16, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Keith of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Defendant Gowans's motion to dismiss. (Docket

---

[1] By Order filed contemporaneously with this Report and Recommendation, the court granted Keith's voluntary motion to dismiss Defendants Thompson and Black.



Entry 87.) Thereafter, Keith filed a response in opposition to the defendant's motion.[2] (Docket Entry 93.)

After the remaining defendants filed a separate motion for summary judgment (Docket Entry 90), Keith was again advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to that motion. (Docket Entry 91.) Keith filed a response in opposition to the defendants' motion. (Docket Entry 96.) The defendants filed a reply. (Docket Entry 99.)

These motions are now before the court for a Report and Recommendation.

## I.  Preliminary Injunctions

Keith has filed several motions seeking temporary restraining orders. (Docket Entries 21, 31, 64, & 65.) Keith's first motion seeks restraining orders against Defendants Thompson and Morton alleging that these individuals are conspiring against him. (Docket Entry 21.) Keith further requests that he be transferred to another institution. Keith's second motion seeks a restraining order against Defendant Hampton alleging that she is tampering with his medications. (Docket Entry 31.) Keith's third motion seeks restraining orders against Defendants Thompson and Morton alleging that Defendant Thompson removed his legal documents from his cell and that Defendant Morton is retaliating against him by throwing away his mail. (Docket Entry 64.) Finally, Keith seeks a

---

[2] On January 5, 2010, almost three months after Defendant Gowans filed her motion to dismiss, she filed a memorandum in support of her motion. (Docket Entry 98.) This memorandum failed to accompany the motion to dismiss and was filed without leave of the court well after the deadline to answer or otherwise plead or to file dispositive motions. Thereafter, Keith filed a response to this memorandum. (Docket Entry 99.) These documents are not properly before the court and are not being considered in making this recommendation. However, even if these filings were considered, they would not alter this court's recommendation.

PJG

restraining order against Defendant Tabb, alleging that she is retaliating against him and harassing him. (Docket Entry 65.)

At the time Keith filed these motions, he was housed at McCormick Correctional Institution. Further, all of the defendants Keith seeks restraining orders against were employees of McCormick Correctional Institution. However, he has since notified the court that he has been transferred to Lee Correctional Institution. Accordingly, even if Keith could establish the required elements to obtain an injunction, these requests for injunctive relief are moot and the court recommends denying these motions. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983).

**II.    Mental Evaluation**

Keith has filed two motions requesting a mental evaluation of himself and also seeking medication.[3] (Docket Entries 20 & 28.) In his Amended Complaint, Keith alleges that some of the defendants have caused him to experience mental distress. (See, e.g., Docket Entry 38-1 at 9-10.) Keith seeks to be transported to William S. Hall Psychiatric Institution for an evaluation to show what type of mental problems he is having and receive a diagnosis, to demonstrate how he has been injured by the defendants' alleged actions, and to determine whether he is competent to stand trial. In response to this motion, the defendants present several arguments. The defendants assert that even though under Rule 35 of the Federal Rules of Civil Procedure a mental examination of a party is permissible, Keith does not meet the requirements of the Rule. Specifically, Rule 35 does not

---

[3] The court observes that Keith's first motion for a mental evaluation (Docket Entry 20) lists the case number and the defendants of one of Keith's other separate pending cases—C/A No. 0:09-566-RBH-PJG. However, Keith's certificate of service appears to indicate that he wished for it to be filed in both pending matters; therefore, out of an abundance of caution, the court is addressing it in this matter as well.



contemplate the plaintiff seeking an mental examination of himself. Further, the defendants argue that Keith's mental condition is not in controversy and that Keith cannot demonstrate good cause for the evaluation. See Fed. R. Civ. P. 35; Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997) (holding that a Rule 35 motion for a mental examination is not the proper vehicle to obtain medical care and raise claims of deliberate indifference to a plaintiff's medical needs).

Moreover, Keith does not identify the source of any funds to pay for this evaluation. To the extent he requests that it be performed at public expense, such a request must be denied. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress, not that public funds may be expended unless prohibited by Congress."); Boring v. Kozakiewicz, 833 F.2d 468 (3d Cir. 1987) (upholding the district court's denial of a civil plaintiff's request for funds to pay an expert medical witness and observing that neither 28 U.S.C. § 1915 nor any other authority provides for such funding). For all of the foregoing reasons, these motions should be denied. (Docket Entries 20 & 28.)

### III.    Motion to Dismiss

Pursuant to Rules 12(b)(2), 12(b)(5), and 4(m) of the Federal Rules of Civil Procedure, Defendant Gowans filed a motion to dismiss "on the grounds of lack of personal jurisdiction, insufficient service of process, and failure to serve the Summons and Complaint upon the Defendant Amanda Boswell Gowans." (Docket Entry 86.) In response, Keith contends that he served Defendant Gowans by mailing the Summons and Complaint via the United States Postal Service and notes that he filed a proof a service. Keith also states that after Defendant Gowans filed a statement indicating that she did not receive the Summons and Complaint, Keith mailed an additional copy to her counsel before the expiration of the 120 days. (Docket Entry 93.) A review of the docket in this

*PJG*

matter reveals that on June 8, 2009 Keith filed a "return of service" indicating that on May 29, 2009 he mailed the Summons and Complaint "in U.S. Postal Mail Postage Prepaid Defendant[']s Attorney Stephen Bagget [sic]." (Docket Entry 11.) On September 17, 2009, Keith filed two additional documents entitled "proof of service" indicating that on May 29, 2009 and on September 15, 2009, Keith mail the Summons and Complaint to Stephen Baggett, Defendant Gowans's counsel. (Docket Entries 75 & 76.)

Rule 4(e) of the Federal Rules of Civil Procedure governs the service of a summons in federal court. Rule 4(e) provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Rule 4 of the South Carolina Rules of Civil Procedure provides that for individuals service shall be made

> [u]pon an individual other than a minor under the age of 14 years or an incompetent person, by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process.

Rule 4(d)(1), SCRCP. The Rule further provides that



> [s]ervice of a summons and complaint upon [an individual] defendant . . . may be made by the plaintiff or by any person authorized to serve process pursuant to Rule 4(c), including a sheriff or his deputy, by registered or certified mail, return receipt requested and delivery restricted to the addressee. Service is effective upon the date of delivery as shown on the return receipt.

Rule 4(d)(8), SCRCP. Keith admits that he has only attempted to service Defendant Gowans in this matter by mailing the Summons and Complaint via the United States Postal Service to Stephen Baggett. (See Docket Entries 11, 58, 75, & 76.) Mr. Baggett's filings clearly indicate that he is not an authorized agent to receive service of process for Defendant Gowans and therefore, the court finds that Keith has failed to properly serve Defendant Gowans.

Rule 4(m) of the Federal Rules of Civil Procedure provides in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

More than 120 days have passed since the filing of the Amended Complaint and Keith has failed to demonstrate good cause for this failure. Accordingly, the court recommends granting Defendant Gowans's motion to dismiss. (Docket Entry 86.).

**IV.    Motion for Summary Judgment**

In his Amended Complaint Keith raises numerous allegations, many of which are unrelated to each other. First, Keith contends that Defendant Morton improperly opened his legal mail in violation of SCDC policy. Keith also claims that Defendants Hampton, McAdams, and Cocciolone slandered him through statements to other employees of the South Carolina Department of Corrections ("SCDC") or by filing Incident Reports against him. Third, Keith alleges that Defendant

Page 6 of 14

PJG

Eubanks, as the court reporter at his criminal trial, improperly failed to include the transcript of the competency hearing in the transcript of his criminal trial. Keith argues that Defendant Turner entered several SCDC convictions against Keith into the SCDC disciplinary record without proper authority. Finally, Keith alleges that Defendant Tabb allowed Defendant Gowans to discontinue Keith's medication and has been deliberately indifferent to his mental health needs.

The defendants have moved for summary judgment on all of these claims. (Docket Entry 90.)

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth



specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### B. Defendant Morton

First, Keith contends that Defendant Morton improperly opened his legal mail in violation of SCDC policy. Specifically, Keith alleges that on March 26, 2009, Defendant Morton partially opened an envelope containing legal mail in front of Keith and saw various colored forms. Keith alleges that Defendant Morton left his cell with his mail and viewed it. Keith states that Defendant Morton returned the mail to him eight minutes later stating that she initially thought the forms were contraband. (Docket Entry 38 at 10.)

As an initial matter, to the extent that Keith's claim rests solely on SCDC policy, violations of prison policies generally do not rise to the level of a constitutional violation. See United States v. Caceres, 440 U.S. 741 (1978); see also Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (rejecting the argument that violations of prison policies rise to the level of a constitutional violation under § 1983). However, even construing the claim as being based on the Constitution, Keith fails to state a claim under § 1983. He has made no allegation that he was denied access to the courts or counsel as a result of the alleged opening of his legal mail. Cf. Altizer v. Deeds, 191 F.3d 540, 549 n.14 (4th Cir. 1999) ("Inspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right

to communicate freely with his attorney in a criminal case.") (citing Wolff v. McDonnell, 418 U.S. 539, 575 (1974)). Keith has alleged no actual injury resulting from any act of the defendants that would prejudice his ability to communicate with the court or his attorney; in fact, he explicitly states that the mail was returned to him within eight minutes. See Lewis v. Casey, 518 U.S. 343, 351-52 (1996) (holding that an inmate must allege facts showing actual injury resulting from the act of the defendant to maintain a claim for denial of access to the court); Chiang v. Lappin, C/A No. RDB-07-1017, 2008 WL 2945434 (D. Md. July 24, 2008) (unpublished); Tompkins v. N.C. Dep't of Corr., C/A No. 5:07-CT-3152-H, 2008 WL 717719, *2-3 (E.D.N.C. March 17, 2008) (unpublished). Accordingly, Keith's allegations do not rise to the level of a constitutional violation and Defendant Morton is entitled to summary judgment.

### C. Defendants Hampton, McAdams, and Cocciolone

Keith claims that Defendants Hampton, McAdams, and Cocciolone slandered him through statements to other SCDC employees or by filing Incident Reports accusing Keith of illicit behavior.

An alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. Paul v. Davis, 424 U.S. 693 (1976). While defamation is considered a tort actionable under state law in South Carolina, it is not considered a constitutional deprivation. See, e.g., Siegert v. Gilley, 500 U.S. 226, 233 (1991). Therefore, Defendants Hampton, McAdams, and Cocciolone are entitled to summary judgment on Keith's claims relating to slander. To the extent that Keith is raising state tort claims, the court recommends that supplemental jurisdiction over them be declined. See 28 U.S.C. § 1367(c)(3) (permitting a federal court to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it has original jurisdiction).

### D. Defendant Eubanks

Keith alleges that Defendant Eubanks, as the court reporter at his criminal trial, improperly failed to include the transcript of the competency hearing in the transcript of his criminal trial. Keith has failed to identify any constitutional deprivation pertaining to this claim. Keith simply alleges that had Defendant Eubanks included the competency hearing in his criminal trial transcript in order for it to be included in the Record on Appeal, the appellate courts may have reversed his conviction. Such speculation and unsupported assertions are insufficient to state a claim for a constitutional violation under § 1983. See Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006) (stating that "innocent errors, even if negligent" do not subject court reporters to liability under § 1983) (citing Daniels v. Williams, 474 U.S. 327, 330 (1986)); Tedford v. Hepting, 990 F.2d 745, 747 (3d Cir. 1993) (stating that a plaintiff's constitutional rights are violated "only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding"). Therefore, Defendant Eubanks is entitled to summary judgment.

### E. Defendant Turner

Keith argues that Defendant Turner entered several SCDC convictions against Keith into the SCDC disciplinary record without proper authority. In support of this assertion, Keith argues that Defendant Turner's actions violated SCDC policy. In support of Defendant Turner's motion for summary judgment, Defendant Turner attests that he has never entered the results of disciplinary convictions into the computer. (Turner Aff. ¶ 3, Docket Entry 90-8.) In response, Keith appears to alter his claim and argues that Turner, who appears to have convicted Keith of several SCDC disciplinary charges, should have ensured the disciplinary reports were reviewed by the Warden pursuant to SCDC policy. Keith does not appear to challenge the outcome of the disciplinary

Page 10 of 14

PJG

hearings. As stated above, violations of prison policies generally do not rise to the level of a constitutional violation. See Caceres, 440 U.S. 741; see also Keeler, 782 F. Supp. at 44 (rejecting the argument that violations of prison policies rise to the level of a constitutional violation under § 1983). Therefore, Defendant Turner is entitled to summary judgment.

### F. Defendant Tabb

Finally, Keith alleges that Defendant Tabb allowed Defendant Gowans to discontinue Keith's medication and has been deliberately indifferent to his mental health needs. Specifically, Keith alleges that Defendant Tabb (1) failed to inform Defendant Gowans of SCDC regulations, (2) denied him needed medications, (3) failed to include his mental condition in the SCDC records, and (4) is improperly refusing to permit him to see a psychiatrist. (Docket Entry 38 at 4.)

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under § 1983 pursuant to the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); Washington v. La Porte County Sheriff's Dep't, 306 F.3d 515 (7th Cir. 2002) (same). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under § 1983. See Estelle, 429 U.S. 97.



In support of summary judgment, Defendant Tabb attests that she is a Clinical Correctional Counselor at McCormick Correctional Institution. Defendant Tabb further states that her responsibilities include "monitoring the mental health needs, psychosocial condition, and functioning level of inmates assigned to [her] caseload." (Tabb Aff. ¶ 2, Docket Entry 101 at 1.) Further, Defendant Tabb attests that she has "no control over an inmate's medications or his receipt of mental health services" and as a counselor, she interviews Keith every 90 days to assure that he is not homicidal, suicidal, or delusional. (Id. ¶¶ 3, 4, Docket Entry 101 at 1-2.) Keith's medical records and Defendant Tabb's affidavit reveal that Keith has received mental health care on numerous occasions and on at least one occasion has refused Defendant Tabb's services.

In response, Keith does not appear to dispute any of the above statements. Rather, it appears that Keith is arguing that pursuant to SCDC policy Defendant Tabb should have assembled a "treatment team" to discuss Keith's mental problems. He further continues to contend that he needs the services of a psychiatrist. These allegations are insufficient to state a claim for deliberate indifference. Keith's dissatisfaction with the treatment he received is insufficient, standing alone, to support an Eighth Amendment claim of deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a § 1983 claim."). Viewed in the light most favorable to Keith, there is no evidence that his medical care was grossly inadequate. See Miltier, 896 F.2d 848. Accordingly, there is no evidence to support this claim.

### G. Qualified Immunity

Additionally, based on the foregoing, Defendants Morton, Hampton, McAdams, Cocciolone, Eubanks, Turner, and Tabb would be entitled to qualified immunity, as their conduct did not violate

PJG

clearly established statutory or constitutional rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.").

## RECOMMENDATION

For the foregoing reasons, the court recommends that Keith's motions for temporary restraining orders and a preliminary injunctions (Docket Entries 21, 31, 64, & 65) and motions for a mental evaluation (Docket Entries 20 & 28) be denied. Further, the court recommends that Defendant Gowans's motion to dismiss (Docket Entry 86) and the motion for summary judgment filed by Defendants Morton, Hampton, Thompson, McAdams, Cocciolone, Eubanks, Turner, Black, and Tabb (Docket Entry 90) be granted. In light of this recommendation, the court further recommends that the remaining motions be terminated. (Docket Entries 44, 46, & 82.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 29, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).