IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Trovon Aquarius Keith, | Civil Action No.: 0:09-cv-01201-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Penny Morton, Amanda Boswell Gowans, Dawn R. Hampton, Margaret A. McAdams, Miriann Cocciolone, Dixie Cox Eubanks, R.L. Turner, and Sholanda K. Tabb, | |
| Defendants. | |

Plaintiff, Trovon Aquarius Keith, a state prisoner proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. The complaint in this case concerns several alleged incidents that occurred while Plaintiff was incarcerated at McCormick Correctional Institution, in McCormick, South Carolina.

This matter is now before the court with the [Docket Entry 105] Report and Recommendation of United States Magistrate Judge Paige J. Gossett[1] filed on January 29, 2010. Plaintiff timely filed objections to the Report on February 8, 2010.[2] Also presently before the court are the following: Plaintiff's [Docket Entry 20] Motion for Mental Evaluation/Examination, Plaintiff's [Docket Entry 21] Motion for Temporary Restraining Order, Plaintiff's [Docket Entry 28] Motion for Mental Evaluation and Request for Medication, Plaintiff's [Docket Entry 31] Motion for Temporary Restraining Order, Plaintiff's [Docket Entry

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.).

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1998) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

64] Motion for Temporary Restraining Order, Plaintiff's [Docket Entry 65] Motion for Preliminary Injunction, Defendant Gowans' [Docket Entry 86] Motion to Dismiss, and the [Docket Entry 90] Motion for Summary Judgment filed by Defendants Cocciolone, Eubanks, Hampton, McAdams, Morton, Tabb, and Turner.

In her Report, the Magistrate Judge recommended that the court should deny Plaintiff's motions for temporary restraining orders and preliminary injunctions, and Plaintiff's motions for mental evaluations. Further, she recommended that Defendant Gowans' motion to dismiss and the motion for summary judgment filed by the other defendants should be granted. Finally, based on the above recommendations, she determined that the all other remaining motions should be terminated.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.  Preliminary Injunctions and Mental Evaluations

Plaintiff has filed several motions seeking either temporary restraining orders or preliminary injunctions. [Docket Entries 21, 31, 64, & 65]. Additionally, Plaintiff has filed two motions seeking mental evaluations, or other similar medical relief. [Docket Entries 20 & 28]. In her Report, the Magistrate Judge recommended that the court should deny all of these motions. Plaintiff failed to object to this recommendation in his objections. Rather, Plaintiff only addressed the motions for summary judgment in his objections. Accordingly, finding no clear error on the face of the record, the court adopts the Magistrate Judge's recommendation as to these six (6) motions filed by Plaintiff. *See Diamond*, 416 F.3d at 315.

II. Defendant Gowans' Motion to Dismiss

Defendant Gowans filed her motion to dismiss "on the grounds of lack of personal jurisdiction, insufficient service of process, and failure to serve the Summons and Complaint upon the Defendant Amanda Boswell Gowans." Gowans Motion [Docket Entry 86]. The Magistrate Judge recommended that the court should grant Defendant Gowans' motion. Plaintiff did not object to this recommendation in his objections. As a matter of fact, Plaintiff's heading on his handwritten objections states the following, verbatim: "Plaintiff's Objections to Report and Recommendation for all defendants except for defendant Gowans." Obj. [Docket Entry 107] at 1. Accordingly, once again finding no clear error on the face of the record, the court adopts

the recommendation of the Magistrate Judge and grants Defendant Gowans' motion to dismiss. *See Diamond*, 416 F.3d at 315.

III.   Summary Judgment as to Defendant Morton

Plaintiff contends that Defendant Morton improperly opened Plaintiff's legal mail in violation of South Carolina Department of Corrections ("SCDC") policy. Plaintiff asserts that Defendant Morton opened his mail in front of him, thought the contents were contraband, removed the mail from Plaintiff's presence, and then returned the mail to Plaintiff eight (8) minutes later after determining it not to be contraband. Plf's. Response [Docket Entry 96] at 7. Based on those facts, the Magistrate Judge recommended summary judgment in favor of Defendant Morton, finding that a violation of stated SCDC policy does not give rise to a constitutional violation and that Plaintiff failed to allege any actual injury sufficient to sustain a claim under § 1983. Report [Docket Entry 105] at 8-9.

Although Plaintiff does not specifically address these findings in his objections, he goes on to argue that "Defendant Morton tampered with [his] mail which is a federal offense," and that "Constitutional Amendment 4 states, [Plaintiff] has the right to be secure in [his] house, papers, and effects against unreasonable searches and seizures." Obj. [Docket Entry 107] at 1. However, in adopting the Report and Recommendation of the Magistrate Judge, the court finds that Plaintiff's objections are without merit.[3] Although Plaintiff is correct in his recitation of the Fourth Amendment, the United States Supreme Court has held that prison officials may open a prisoner's legal mail in the presence of the prisoner in order to protect against contraband. *Wolff*

---

[3] Because Plaintiff failed to object to the Magistrate Judge's specific findings regarding SCDC policy and "actual injury," the court has reviewed those recommendations for clear error only, and finds none. *Diamond*, 416 F.3d at 315.

4

*v. McDonnell*, 418 U.S. 539, 577 (1974). In the case at bar, Plaintiff admits that Defendant Morton opened his legal mail in his presence, and only removed the mail after forming the belief that it contained contraband.[4] Accordingly, the court overrules Plaintiff's objection and finds that summary judgment in favor of Defendant Morton is appropriate.

IV.  Summary Judgment as to Defendant Eubanks

Plaintiff alleges that Defendant Eubanks improperly failed to include the transcript of a competency hearing in the transcript of Plaintiff's criminal trial. Specifically, Plaintiff argues that had Defendant Eubanks included the hearing transcript in his criminal trial transcript in order for it to be included in his Record of Appeal, the appellate court may have overturned his conviction. In her Report, the Magistrate Judge recommended that "[s]uch speculation and unsupported assertions are insufficient to state a claim for a constitutional violation under § 1983." Report [Docket Entry 105] at 10.

In his objections, Plaintiff once again contends that Defendant Eubanks' failure to include the hearing transcript adversely affected the outcome of his appeal, and he argues that if the appellate court would have had the missing transcript it could have "considered the fact [Plaintiff] may have had a mental disorder to explain [his] actions." Obj. [Docket Entry 107] at 1. It is undisputed that Defendant Eubanks failed to include the hearing transcript in question in Plaintiff's trial transcript;[5] however, Plaintiff fails to show how the missing transcript would

---

[4] Moreover, inasmuch as Plaintiff may be basing his claim on the delay in delivery caused by Defendant Morton's seizure of his mail, the claim must fail as Plaintiff admits Defendant Morton returned the mail after only eight (8) minutes and does not allege that the delay "deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989).

[5] Plaintiff attached to his objections a letter from Defendant Eubanks that stated the following: "I have checked my records back and indeed, you are correct, I inadvertently omitted a hearing before the Court which was held incamera (outside the presence of the jury). Eubanks Letter [Docket Entry 107, Attach. 1] at 1.

5

have actually affected the outcome of his appeal. Rather, he merely speculates and states in conclusory fashion that the missing transcript adversely affected the outcome of his appeal. *See Smith v. Va. Commonwealth Univ.*, 84 F.3d 672, 687 n.7 (4th Cir. 1996) (holding that "conclusory or speculative assertions do not create genuine issues of material fact"). For example, Plaintiff states that "[t]he courts reviewed an incomplete transcript/case, common sense tell you it will affect the outcome of the criminal proceeding." *Id.* Without more than this mere speculation, this court agrees with the Magistrate Judge that Plaintiff has failed to show any constitutional deprivation pertaining to this claim. Accordingly, summary judgment should be granted in favor of Defendant Eubanks.

V.  Summary Judgment as to Remaining Defendants

In the remainder of her Report, the Magistrate Judge analyzed on an individual basis whether summary judgment should be granted as to each of the remaining defendants.[6] Ultimately, she recommended that summary judgment should be granted as to each of the remaining defendants. Additionally, the Magistrate Judge found that Defendants Morton, Hampton, McAdams, Cocciolone, Eubanks, Turner, and Tabb were entitled to qualified immunity. Report [Docket Entry 105] at 12.

In his objections, Plaintiff specifically objected to the Magistrate Judge's finding regarding qualified immunity. However, absent from his objections are any arguments pertaining to the other substantive reasons relied upon by the Magistrate Judge in recommending summary judgment as to each defendant. Assuming, *arguendo*, that Plaintiff is correct that

---

[6] The remaining defendants are Hampton, McAdams, Cocciolone, Turner, and Tabb. Defendants Black and Thompson were both voluntarily dismissed by Plaintiff pursuant to an Order entered on January 29, 2010. [Docket Entry 103].

Defendants are not protected by qualified immunity,[7] Plaintiff has still failed to set forth any arguments or evidence sufficient to withstand the court granting summary judgment in favor of Defendants. Moreover, the court has reviewed the Magistrate Judge's recommendations as to each of these defendants and finds no clear error on the face of the record. *See Diamond*, 416 F.3d at 315.

VI. Qualified Immunity

As stated above, the Magistrate Judge concluded that Defendants Morton, Hampton, McAdams, Cocciolone, Eubanks, Turner, and Tabb were all entitled to qualified immunity. Report [Docket Entry 105] at 12. Plaintiff specifically objects to this finding. In his objections, Plaintiff first demands a jury trial as to each defendant. Then, Plaintiff goes on to ask the court to review the pertinent SCDC procedures/policies that he alleges Defendants violated, and argues that because Defendants' actions constituted a violation of SCDC procedure, Defendants are not entitled to immunity. The court disagrees.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In our case, the same reasons warranting summary judgment in favor of these defendants support the finding that none of these defendants violated any of Plaintiff's "clearly established statutory or constitutional rights."[8] Moreover, Plaintiff's argument that

---

[7] This argument appears to be without merit for reasons set out more fully below.

[8] For a thorough analysis of why Defendants' alleged actions did not violate any of Plaintiff's clearly established constitutional rights, see the Magistrate Judge's Report, pages 8 through 13, which this Order adopts and incorporates by reference.

7

Defendants are not entitled to such immunity because their actions did not conform with SCDC policy lacks merit. "[A] defendant does not lose official status for purposes of qualified immunity analysis simply by failing to adhere to an agency's stated policies." *Leverette v. Bell*, 247 F.3d 160, 165 (4th Cir. 2001). Accordingly, the court agrees with the Magistrate Judge that Defendants Morton, Hampton, McAdams, Cocciolone, Eubanks, Turner, and Tabb are entitled to qualified immunity.

## Conclusion

The court has reviewed the Report, objections, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Plaintiff's objections and adopts as modified and incorporates by reference the Report and Recommendation of the Magistrate Judge. Accordingly, Plaintiff's motions for preliminary injunctions and motions for medical examinations are **DENIED**. Defendant Gowans' Motion to Dismiss and the motion for summary judgment filed by Defendants Morton, Hampton, Thompson, McAdams, Cocciolone, Eubanks, Turner, Black, and Tabb are **GRANTED**. Furthermore, in light of this Order, all remaining motions are hereby **TERMINATED**.

  **IT IS SO ORDERED.**

                 s/R. Bryan Harwell
                 R. Bryan Harwell
                 United States District Judge

March 10, 2010
Florence, South Carolina